Filed 7/25/24  P. v. Halbert CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DERRICK EDWARD HALBERT, <br><br> Defendant and Appellant. | D082926 <br><br><br> (Super. Ct. No. SCD128329-02) |

APPEAL from an order of the Superior Court of San Diego County, Laura J. Birkmeyer, Judge.  Affirmed.

Derrick Halbert, in pro. per.; and Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Derrick Halbert and a codefendant of premeditated first degree murder (Pen. Code,[1] § 187, subd. (a)) and conspiracy to commit murder (§ 182, subd. (a)(1)).  The jury found Halbert used a firearm (§ 12022,

---

[1]    All statutory references are to the Penal Code.

subd. (a)(1)). Halbert was sentenced to an indeterminate term of 56 years to life.

Halbert appealed and this court affirmed his conviction in an unpublished opinion. (*People v. Halbert* (Nov. 9, 1999, D031427).

In 2019, Halbert filed a petition for resentencing under section 1170.95 (now renumbered section 1172.6) claiming he had been convicted of murder under a theory of natural and probable consequences and felony murder or as a non-participating aider and abettor.

The trial court found Halbert acted with intent to kill and was not eligible for resentencing. Halbert appealed and this court affirmed the trial court's decision in an unpublished opinion. (*People v. Halbert* (Aug. 20, 2020, D077056).)

In 2023, Halbert filed a second petition for resentencing under section 1172.6. The court appointed counsel, received briefing, and thereafter denied the petition by written order without issuing an order to show cause or holding an evidentiary hearing. The trial court declined to dismiss the petition on the grounds of collateral estoppel. The court reviewed the record and concluded the record demonstrated that Halbert acted with the intent to kill.

Halbert filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel asks the court to exercise its discretion to independently review the record for error under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We advised Halbert he could file his own brief on appeal.

Halbert has responded by filing a supplemental brief. In his brief, he argues the record shows he did not participate in the killing. Other than a few references to jury instructions, Halbert relies on materials from the parole hearing for the codefendant. The codefendant admitted the killing in his appearance before the parole board years after the trial in this case. Halbert's submission does not raise any potentially meritorious issues regarding the matter before us relating to the denial of his second postjudgment resentencing petition.

## DISCUSSION

As we have noted, appellate counsel has filed a *Delgadillo* brief and asks the court to independently review the record for error. We have exercised our discretion to independently review the record for error. Having reviewed the record and Halbert's supplemental material, we find there is nothing in this record on which to base a potentially meritorious issue for reversal on appeal.

Competent counsel has represented Halbert on this appeal.

## DISPOSITION

The order denying Halbert's second petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


RUBIN, J.

3